# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

WARREN ANTONIO LEE                    )
               Petitioner,        )
                              )
     v.                              )          **CIVIL ACTION**
                              )          **NO. 15-40063-DHH**
JEFFREY GRONDOLSKY,                    )
               Respondent.        )
_____)

## ORDER

**November 16, 2015**

Hennessy, M.J.

      Respondent Jeffrey Grondolsky, in his capacity as Warden of the Federal Medical Center ("FMC") at Devens, Massachusetts ("Respondent") has asked this court to dismiss the Petition for Writ of Habeas Corpus (the "Petition") filed by Warren Antonio Lee ("Lee" or "Petitioner"), which alleges violations of Lee's rights arising from his re-enrollment into an education and apprenticeship program at FMC.  Respondent argues that dismissal is proper (1) under Fed. R. Civ. P. 12(b)(1) because this court lacks subject matter jurisdiction over Lee's Petition; and (2) under per Fed. R. Civ. P. 12(b)(6) because Lee does not enjoy the purported interests upon which his Petition is based, and as such, has failed to state a claim.  On November 2, 2015, Petitioner submitted a response to Respondent's motion.  For the reasons that follow, Respondent's motion is allowed.

      Background

      Lee is currently serving a 480-month sentence for attempted importation of methamphetamine and attempted possession with intent to distribute methamphetamine (Docket #1 at ¶¶ 8-9).  His anticipated release date is September 20, 2030.  According to his Petition, Lee

Case 4:15-cv-40063-DHH   Document 15   Filed 11/16/15   Page 2 of 9

was enrolled and participated in the Education & Training Apprenticeship Program (the "Program") from July 2013 through July 2014, whereupon he was terminated for "suspicious behavior." <u>Id.</u> at ¶14(a).[1]  During this time, Lee amassed 1,918 of the 2,500 hours needed to complete the Program.  <u>Id.</u>  Shortly after his termination, Lee underwent a kidney transplant, which prevented him from working until he was medically cleared.  <u>Id.</u>

While awaiting medical clearance in December 2014, Lee submitted a Request for Administrative Remedy concerning, *inter alia*, his removal from the Program and possible placement in other programs (Docket #1 at p. 11).  The response to his request stated that Lee would be "more suitable to enroll in the Education & Training Apprenticeship Program that [Lee was] enrolled in from July 2013 to July 2014 and complete the remaining hours for Apprenticeship Completion."  <u>Id.</u>  Lee was encouraged to re-enroll in the program upon obtaining medical clearance, <u>id.</u>, which occurred on March 30, 2015.  <u>Id.</u> at ¶14(a)).

The pith of Lee's allegations is that when he eventually re-entered the Program, he was permitted to work no more than two hours per day, as opposed to the eight hours per day he had worked during his original stint in the Program (Docket #1 at ¶¶ 14(a), 14(b)).  Lee contends that as a result of this restriction, he will require an extra nine months to complete the Program, which may impact his eligibility for "early release for a reduction of sentence" pursuant to 18 U.S.C. § 3621.  <u>Id.</u> at ¶14(b).  Lee further complains of his re-enrollment entailing "relearn[ing] a previously half-completed computer program: Power Point," and that he has been stripped of the opportunity to obtain a Performance Pay Grade of 1.  <u>Id.</u> at ¶¶ 14(a), 14(c).

On these facts, Petitioner alleges the following grounds for relief:

**<u>Ground One</u>**: Respondent deprived Petitioner of his civil rights to pursue a career in the field of education, pursuant to 28 C.F.R. § 30.3.

---

[1] Lee states he was "absolved of guilt" in connection with this incident (Docket #1 at ¶14(a)).

**Ground Two**: Respondent violated Petitioner's due process liberty interests, state statutes, and/or department regulations.

**Ground Three**: Respondent deprived Petitioner of an "On-the-Job Learning" Pay Grade of 1.

Id. at ¶ 14.  Petitioner now requests, variously, that this court compel the FMC authorities to grant the remaining hours necessary to complete the Program, enjoin future discrimination like that he allegedly suffered, and compel a grant of Grade 1 pay to all pre-apprentices engaged in on-the-job learning.  Id. at ¶ 16.

As noted, Respondent opposes the petition on two grounds.  He first argues that because Lee's petition concerns the conditions of his confinement, rather than the length or validity of his sentence, the matter is not properly pled under 28 U.S.C. § 2241, thus stripping this court of subject matter jurisdiction.  He further contends that the acts alleged in the Petition do not constitute an infringement of Petitioner's rights, as is required to state a claim under § 2241.  See generally Docket #10.  For the reasons set forth below, Respondent's motion is allowed.

Legal Standard[2]

"A motion to dismiss an action under Rule 12(b)(1) . . . raises the fundamental question whether the federal district court has subject matter jurisdiction over the action before it."  United States v. Lahey Clinic Hosp., Inc., 399 F.3d 1, 8 n.6 (1st Cir. 2005) (quoting 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350, at 61 (3d ed. 2004)).  In ruling on such a motion, "the district court must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor of the plaintiff," Nielsen v. Maine Unemployment Ins. Comm'n, No. 1:14 Civ. 00300, 2014 WL 6632976, at *2 (D. Me. Nov. 21, 2014) (quoting Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996)), and "[d]ismissal is

---

[2] Because, as discussed below, I decline to conduct an analysis of Respondent's Rule 12(b)(6) argument, there is no need to recite here the legal standard pertaining to that Rule.

appropriate where a district court lacks the statutory or constitutional power to adjudicate the case."

Seow v. Grondolsky, No. 10 Civ. 40174, 2012 WL 5392322, at *1 (D. Mass. Nov. 2, 2012)

(quoting Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000)) (internal quotation marks

and emphasis omitted).  Finally, "the party invoking the jurisdiction of a federal court[ ] carries

the burden of proving its existence."  Skwira v. United States, 344 F.3d 64, 71 (1st Cir. 2003)

(quoting Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995)).

     Discussion

     As indicated, Lee's Petition is brought pursuant to 18 U.S.C. § 2241, which provides

habeas corpus review to a person "in custody in violation of the Constitution or laws or treaties of

the United States."  Phelps v. Grondolsky, No. 11 Civ. 10231, 2011 WL 1575507, at *1 (D. Mass.

Apr. 26, 2011) (quoting 28 U.S.C. § 2241(c)(3)).[3]  Significantly, the province of habeas petitions

is "[c]hallenges to the validity of any confinement or to particulars affecting its duration."

Muhammad v. Close, 540 U.S. 749, 750 (2004) (citing Preiser v. Rodriguez, 411 U.S. 475, 500

(1973)); see also Preiser, 411 U.S. at 484 ("[T]he essence of habeas corpus is an attack by a person

---

[3] The full text of the relevant subsection reads:

   (c) The writ of habeas corpus shall not extend to a prisoner unless--

     (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
     (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
     (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or
     (4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or
     (5) It is necessary to bring him into court to testify or for trial.

28 U.S.C. § 2241(c).

in custody upon the legality of that custody, and [ ] the traditional function of the writ is to secure release from illegal custody."). Conversely, "[a] habeas petition is not the appropriate means by which to challenge conditions of confinement." Phelps, 2011 WL 1575507, at *1 (citing Muhammad, 540 U.S. at 750). Rather, such requests for relief "may be presented in a [non-habeas action]." Young v. United States, No. 10 Civ. 10586, 2010 WL 1506545, at *2 (D. Mass. Apr. 12, 2010) (quoting Muhammad, 540 U.S. at 750); see also Diaz v. Grondolsky, No. 13 Civ. 11341, 2013 WL 3892894, at *4 (D. Mass. July 24, 2013) ("[H]abeas corpus proceedings are the proper mechanism for challenging the 'legality or duration' of confinement.  By contrast, a non-habeas civil action is the proper method of challenging conditions of confinement.") (collecting cases).

The question, then, is whether Lee's Petition challenges the validity or duration of his confinement (in which case it is properly brought under § 2241), or the conditions thereof (in which case it is not).  A review of the Petition reveals the latter to be the case.  Indeed, the thrust of Lee's allegations is that he was (1) prevented from working full-time upon his return to the Program, and (2) precluded from earning a Pay Grade of 1.  See generally Docket #1 at ¶¶14-16. As neither challenge speaks to the validity or the duration of Petitioner's confinement, the Petition does not fall within the purview of § 2241.  See, e.g., Standifer v. Ledezma, 653 F.3d 1276, 1280 (10th Cir. 2011) (court declined to address § 2241 claim relating to Bureau of Prison's alleged refusal to admit Petitioner into drug abuse program, because "[i]t is well-settled law that prisoners who wish to challenge only the conditions of their confinement, as opposed to its fact or duration . . . [can not do so] through federal habeas proceedings") (citing cases); Boyce v. Ashcroft, 251 F.3d 911, 914 (10th Cir. 2001) ("Prisoners who raise constitutional challenges to [ ] prison decisions—including . . . exclusion from prison programs . . . must proceed under Section 1983 or Bivens."), judgment vacated on reh'g, 268 F.3d 953 (10th Cir. 2001); Muhammad v. Williams-

Hubble, 380 F. App'x 925, 926-27 (11th Cir. 2010) (claim concerning prisoner's entitlement to higher pay not properly brought as habeas action; rather, Petitioner had alleged what amounted to Bivens claim); Santos v. Ebbert, No. 3:10 Civ. 1746, 2010 WL 5019061, at *3 (M.D. Pa. Sept. 23, 2010) ("This claim regarding Petitioner's pay grade is not a habeas claim.  Rather, this claim is a challenge to Petitioner's conditions of confinement, and as such, this claim is not cognizable in a § 2241 habeas petition."), report and recommendation adopted, No. 3:10 Civ. 1746, 2010 WL 5018954 (M.D. Pa. Dec. 3, 2010).[4]

In view of Lee's allegations, the only possible rationale for his Petition being grounded in § 2241 is that Respondent's alleged actions impacted the duration of Lee's confinement.  The Petition offers a passing (and somewhat confusing) statement to this effect, appearing to argue that Respondent's actions implicate 18 U.S.C. § 3621, which, in turn, raises the prospect of "early release for a reduction of sentence" (Docket #1 at ¶ 14(b)).  Nowhere, however, does 18 U.S.C. § 3621 discuss sentence reduction for completion of a vocational training program.  That statute instead permits a possible sentence reduction upon completion of a substance abuse treatment program.  See 18 U.S.C. § 3621(e)(2)(B).  Moreover, § 3621(e)(2)(B) allows for no more than a one-year sentence reduction, and as such, even if it were pertinent, a nine-month delay in Lee's completion of the Program would have no practical effect on his release date, which is scheduled for approximately fifteen years from now.  Further, any rights arising from § 3621 plainly do not extend to the present matter, as Massachusetts courts have "expressly [held] that a prisoner has no liberty interest in a job assignment that results in good time reductions of his sentence."  Jackson

---

[4] I note that there exists some case law that may be interpreted as allowing similar challenges to be raised by way of habeas petition.  See, e.g., United States v. Acevedo, 246 F.3d 682 (10th Cir. 2001); United States v. Recinos-Gallegos, 151 F. Supp. 2d 659, 660 (D. Md. 2001).  Both Acevedo and Recinos-Gallegos, however, involved challenges touching upon, inter alia, the petitioners' ineligibility for early release considerations resulting from their statuses as aliens, and as such are inapposite to the present matter.

v. Russo, 495 F. Supp. 2d 225, 230 (D. Mass. 2007) (internally citing Childers v. Maloney, 247 F.Supp.2d 32, 37 (D. Mass. 2003)).  Finally, even if Lee somehow could show entitlement to relief under 18 U.S.C. § 3621, he nonetheless would be without recourse here, as it has been held that "18 U.S.C. § 3625 precludes judicial review [of] . . . determinations made pursuant to 18 U.S.C. § 3621."  Reeb v. Thomas, 636 F.3d 1224, 1225 (9th Cir. 2011).

Lee's response appears to offer an alternative ground for subject matter jurisdiction.[5]  It references 18 U.S.C. § 3582(c)(2),[6] which Lee contends authorizes a court to reduce a term of imprisonment "based on superior educational achievement" (Docket #14 at p. 3).  This argument fails for several reasons.  First, contrary to Lee's assertion, nowhere does 18 U.S.C. § 3582(c)(2) mention sentence reduction based on educational achievement.  Rather, this provision states that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), . . . the court may reduce the term of imprisonment."  While Lee has not provided the court with the particulars of his sentence, it appears that he was sentenced under United States Sentencing Guidelines § 2D1.1, which concerns "Unlawful Manufacturing, Importing, Exporting, or Trafficking (Including Possession with Intent to Commit These Offenses); Attempt or Conspiracy."  The only potentially relevant amendment, then, is Amendment 782, which, *inter alia*, altered certain provisions of § 2D1.1 pertaining to methamphetamine quantities.  See FCJ Federal Sentencing Guidelines Manual Amendment 782 (11/1/14).  Lee, however, has not

---

[5] The balance of Lee's response largely consists of his rehashing and expanding upon the allegations in his Petition concerning Respondent's alleged wrongdoing and Lee's liberty interests.  See generally Docket #14.  Because, as discussed herein, this court lacks jurisdiction to consider the merits of these claims, I decline to do so.

[6] Although this statute is not mentioned in Lee's Petition, because the Petition references the related portion of the Federal Sentencing Guidelines, U.S.S.G. 1B1.10, I will consider Lee's § 3582(c)(2) argument.

demonstrated that his sentence was based on a range that was subject to this (or any other) amendment, as is required for § 3582(c)(2) to apply.

Finally and perhaps most significantly, Lee's submissions demonstrate that on September 22, 2015, he completed all 2,500 of the Program's required hours.  See Docket #14-1 Ex. B.  He is in receipt of a United States Department of Labor certificate to this effect.  See id.  Accordingly, even assuming *arguendo* that (1) Lee's completion of the Program was improperly delayed by nine months, and (2) his completion of the Program may yield a sentence reduction—premises with which the court disagrees, but upon which Lee's Petition is premised—there is no indication that Respondent's alleged actions have in any practical sense impacted the duration of Lee's confinement.  As such, Lee's contention that Respondent's "retaliation will now hinder a decrease in duration of Movant's sentence," Docket #14 at p. 8, is a non sequitur.

In light of the foregoing, this court lacks subject matter jurisdiction over Petitioner's claims, and accordingly, dismissal is proper.  See, e.g., Diaz, 2013 WL 3892894, at *4 (dismissing habeas action which sought to challenge conditions of confinement).   Having reached this conclusion, I decline to address Respondent's alternative argument centering on the merits of Petitioner's claims.  See Vaqueria Tres Monjitas, Inc. v. Comas-Pagan, 772 F.3d 956, 960 (1st Cir. 2014) ("As we lack jurisdiction, we need not address the merits of [party's] appeal.") (citing Deniz v. Municipality of Guaynabo, 285 F.3d 142, 149–50 (1st Cir. 2002) (assessment of merits where jurisdiction is lacking is "gratuitous" and "a matter of purely academic interest"); Christopher v. Stanley–Bostitch, Inc., 240 F.3d 95, 100 (1st Cir. 2001) ("When a federal court concludes that it lacks subject matter jurisdiction over a case, it is precluded from rendering any judgments on the

merits of the case.")).

## **CONCLUSION**

For the reasons set forth above, Respondent's motion to dismiss Lee's Petition for Writ of Habeas Corpus (Docket #10) is allowed.

/s/ David H. Hennessy
David H. Hennessy
UNITED STATES MAGISTRATE JUDGE